UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JB BAILEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:23-CV-292-KAC-DCP |
| ) | |
| OAK RIDGE POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 4]. For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 4**], and the Court will therefore allow Plaintiff to file his Complaint without the payment of costs. The Court **RECOMMENDS**, however, that the District Judge **DISMISS** the Complaint.

### I.    DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 4] with the required detailing of his financial condition, including his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 4].[1] Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $575.66. One need not be absolutely destitute to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont*

---

[1] When Plaintiff filed his Application, he was incarcerated at the Anderson County Detention Facility. It appears to the undersigned that he has since been released [*See* Docs. 6 and 10].

*de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Application and Certificate show that Plaintiff has little income and is unable to pay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 4**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without the payment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

**II.    RECOMMENDATION AFTER SCREENING OF THE COMPLAINT**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[2] The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

[2] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

A.  **Summary of the Complaint**

Plaintiff alleges a violation of 42 U.S.C. § 1983, stating that Defendant violated his Eighth and Fourteenth Amendment rights [Doc. 1 p. 1]. He names the Oak Ridge Police Department as a Defendant [*Id.*]. According to Plaintiff, Officer Shella Selby of the Oak Ridge Police Department abused her power by arresting him on December 1, 2020 [*Id.* at 4]. Officer Selby arrested him for violating a no-contact order obtained by Plaintiff's ex-wife, Sharron Bailey [*Id.*]. Plaintiff alleges that Officer Selby was not on the scene, and she waited two days to "make up" the charges and secure the warrants [*Id.*]. Plaintiff states that his ex-wife and Officer Selby have a "personal vendetta against [him]" [*Id.*]. His public defenders and his lawyer working pro bono told Plaintiff "that in Anderson County[,] it [is] okay for a police officer to trump up charges to help out a friend and that in no way is it a conflict of interest" [*Id.*]. Plaintiff states that he has been in jail for over three years [*Id.*]. Based on the above, he seeks injunctive relief "compelling [D]efendant Oak Ridge Police Department to provide or stop[,]" and he also seeks $1,095,000.00 [*Id.* at 3].

B.  **Screening of the Complaint**

On April 23, 2024, the Court entered an Order, allowing Plaintiff the opportunity to amend his Complaint to cure several deficiencies. The Court's April 23 Order explained:

> While Plaintiff names the Oak Ridge Police Department, it "is not an entity which may be sued." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In light of his pro se status, the Court has construed the claims against the City of Oak Ridge, Tennessee, but Plaintiff has not included sufficient information for his claim to proceed against the governmental entity. *Id.* ("The County may be held liable for [the plaintiff'] injuries only if those injuries were the result of an unconstitutional policy or custom of the County." (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)). The Court also has concerns that Plaintiff's claim may be otherwise barred. *See Heck v. Humphrey*, 512 U.S. 477, 484, (1994).

3

[Doc. 11 pp. 2–3]. The Court allowed Plaintiff until May 10, 2024, to cure the above deficiencies, but he did not do so.

Moreover, although Plaintiff did not file an amended Complaint, in light of his pro se status, the Court has screened the allegations to determine if he has stated a claim against Officer Selby. The Court construes Plaintiff's Complaint to allege that Officer Selby fabricated evidence against him given his allegation that she made up the charges. But even construing the allegations liberally, he fails to state a claim of relief. "The basis of a fabrication-of-evidence claim under § 1983 is an allegation that a defendant 'knowingly fabricated evidence against [a plaintiff], and [that] there is a reasonable likelihood that the false evidence could have affected the judgment of the jury.'" *Clark v. Louisville-Jefferson Cnty. Metro Gov't, Kentucky*, No. 317CV00419, 2024 WL 56938, at *9 (W.D. Ky. Jan. 4, 2024) (quoting *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017)). Plaintiff does not allege that there is a reasonable likelihood that the false evidence could have affected the judgment of the jury—let alone allege what constitutes the false evidence.[3]

The Court therefore recommends, for the reasons explained in the April 23 Order and the additional reasons stated above, that the District Judge dismiss Plaintiff's claims.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application [**Doc. 4**]. However, no process shall issue until the District Judge has ruled upon this Report and

---

[3] Likewise, to the extent Plaintiff's allegations could be construed as a malicious prosecution claim, he does not allege that the "criminal proceeding was resolved in [his] favor." *Caskey v. Fenton*, No. 22-3100, 2022 WL 16964963, at *8 (6th Cir. Nov. 16, 2022) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010)).

Recommendation,[4] because the undersigned **RECOMMENDS**[5] that the Complaint [Doc. 1] be **DISMISSED** in its entirety.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[4] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).