UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JB BAILEY, JR., | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-292-KAC-DCP |
| OAK RIDGE POLICE DEPT, | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT & RECOMMENDATION

Before the Court is United States Magistrate Judge Debra C. Poplin's May 14, 2024 "Report and Recommendation" ("Report") [Doc. 12]. Plaintiff filed a Complaint [Doc. 1] in which he alleges that a police officer employed by Defendant "abused her power as an officer of the law to help out or do a favor for her friend" by charging Plaintiff "with 4 felony charges" [Doc. 1 at 4]. Plaintiff further alleges that the police officer charged him with four (4) felony charges "to set an impossible bond and keep [him] in jail with one of the charges being a Class A felony" [*Id.*].

After Plaintiff filed his Complaint [Doc. 1], Judge Poplin screened the Complaint [Doc. 1] under the Prison Litigation Reform Act [*See* Doc. 11 at 1]. Judge Poplin construed Plaintiff's claims to be claims "against the City of Oak Ridge, Tennessee" because "the Oak Ridge Police Department . . . 'is not an entity which may be sued'" [*Id.* at 3 (quoting *Matthews v. Jones*, 35 F.3d 104, 1049 (6th Cir. 1994))]. But Judge Poplin warned Plaintiff that he had "not included sufficient information for his claim to proceed against" the City of Oak Ridge [*Id.*]. Instead "of recommending dismissal," though, Judge Poplin entered an Order "allow[ing] Plaintiff an opportunity to amend his Complaint" "on or before May 10, 2024" [*Id.* at 3-4]. Plaintiff did not file an Amended Complaint. Therefore, Judge Poplin entered her Report [Doc. 12], which noted

that Plaintiff failed "to cure" the "deficiencies" that she previously warned Plaintiff about [*See* Doc. 12 at 4]. Further, "in light of his pro se status," the Report assessed whether Plaintiff "has stated a claim against" the police officer employed by Defendant but concluded that Plaintiff failed to state a claim against the police officer [*See id.*]. The Report, therefore, recommends that the Court "dismiss Plaintiff's claims" for failure to state a claim [*See* Doc. 12 at 3-4]. No Party has objected to the Report, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

After reviewing the record, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 12] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court **DISMISSES** Plaintiff's claims against Defendant for failure to state a claim. An appropriate Judgment shall issue.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge